UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: KIND LLC "ALL NATURAL" LITIGATION                                                    MDL No. 2645


**TRANSFER ORDER**


**Before the Panel:**[*]   Plaintiff moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action listed on Schedule A (*Cohen*) to the Southern District of New York for inclusion in MDL No. 2645. Defendants KIND LLC and KIND Management, Inc. (collectively, KIND) oppose the motion.

Plaintiff raises three arguments against transfer. First, he contends that transfer is inappropriate because KIND's removal of *Cohen* to federal court was improper for the reasons stated in plaintiff's pending motion to remand. To the contrary, a motion to remand alone generally is an insufficient basis to vacate a conditional transfer order.[1] Plaintiff can present his motion for remand to the transferee judge. *See, e.g.*, *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff also unpersuasively argues that transfer of *Cohen* is inappropriate because he does not assert claims for damages on behalf of a putative class, but seeks injunctive relief only with respect to KIND's sale of certain snack bars in Ohio. Plaintiffs in the actions pending in the MDL also seek injunctive relief (on behalf of putative nationwide classes) that would encompass the relief sought by plaintiff in *Cohen*. Furthermore, *Cohen* involves the same allegations regarding the alleged mislabeling of KIND snack bars as "healthy" and "all natural" as the actions in the MDL. The presence of additional or differing legal theories is not a significant consideration when the actions arise from a common factual core. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008).

---

[*] Judge Charles R. Breyer took no part in the decision of this matter. Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it decides to do so. In *Cohen*, the Honorable Dan A. Polster already has determined that plaintiff's remand motion is best considered by the transferee court. *See* Order at 4, *Cohen v. KIND LLC*, C.A. No. 1:15-02196 (N.D. Ohio. Nov. 6, 2015), ECF No. 15.

-2-

Finally, plaintiff insists that transfer of *Cohen* is not necessary because he is willing to coordinate discovery efforts with those of plaintiffs in the MDL. Plaintiff's amenability to cooperation and coordination with the other parties in the MDL is to be commended. In this instance, though, such cooperation and coordination will be better effectuated within the confines of the MDL.

After considering the argument of counsel, we find that *Cohen* involves common questions of fact with the actions previously transferred to MDL No. 2645, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Southern District of New York was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that KIND markets and labels certain snack bar products as "all natural," "healthy," "+," "plus," and as a "good source of fiber" with "no trans fats," when allegedly these products contain little nutritional value, high levels of saturated fat, and genetically modified, synthetic, or other non-natural ingredients. *See In re KIND LLC "All Natural" Litig.*, MDL No. 2645, __ F. Supp. 3d __, 2015 WL 4711092 (J.P.M.L. Aug. 7, 2015). *Cohen* involves similar allegations that KIND markets and sells snack bars in Ohio using the words "healthy" and "all natural." Transfer of *Cohen* to MDL No. 2645 thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable William H. Pauley, III, for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: KIND LLC "ALL NATURAL" LITIGATION**  MDL No. 2645

## SCHEDULE A

<u>Northern District of Ohio</u>

COHEN v. KIND LLC, C.A. No. 1:15-02196